UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ASTUDILLO SEREY (A# 220-071-678),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTION CENTER,<br><br>Respondent. | No. 1:26-cv-02907 DC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding through appointed counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Petitioner has a filed a "Request to Stay Transfer Out of The Eastern District of California" pending conclusion of this habeas proceeding. ECF No. 16. Petitioner argues that "[a]bsent such relief, the Government could unilaterally terminate this Court's Article III review[.]" <u>Id.</u> at 2.

The undersigned recommends that Petitioner's motion be denied. Petitioner was detained at the California City Correction Center, within this judicial district, at the time he filed this petition. ECF No. 1 at 1. "[B]ecause neither party disputes that Petitioner properly filed his habeas petition in the Eastern District, the Court does not lose jurisdiction over his pending habeas petition if Petitioner is transferred to another jurisdiction." <u>Garcia-Ayala v. Andrews</u>, No.

2:25-CV-02070-DJC-JDP, 2025 WL 2578167, at *3 (E.D. Cal. Sept. 5, 2025); see also Palmer-Sardinas v. Chestnut, No. 1:26-cv-03520 DC SCR, ECF No. 12 (E.D. Cal. Jun. 22, 2026) (same); Vaskanyan v. Janecka, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) (citing Ex parte Endo, 323 U.S. 283 (1944), and agreeing with numerous district courts that have interpreted Endo to find that "a district court retains jurisdiction over a habeas petition notwithstanding a petitioner's transfer out of the district.").

Petitioner also cites the risk of removal from the United States "based on a removal order that Petitioner has shown to be constitutionally void." ECF No. 16 at 2. However, Petitioner does not explain when this removal ordered was entered or how he demonstrated it to be void. Petitioner's EOIR Case Information Page, https://acis.eoir.justice.gov/en/caseInformation, does not reflect an order of removal.[1] Thus, any concerns of removal appear to be premature. To the extent Petitioner remains subject to an order of removal he believes is unlawful, he is likely required to first seek to reopen his removal proceedings. Accordingly, because this Court would retain jurisdiction over Petitioner's § 2241 petition notwithstanding his transfer to a detention facility outside of this district, the undersigned recommends the request be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's Request to Stay Transfer Out of The Eastern District of California (ECF No. 16) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

////

////

////

[1] The undersigned takes judicial notice of Petitioner's EOIR Case Information. See Fed. R. Evid. 201(b)-(c).

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE